JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 5:20-CV-01050-DOC      Date: July 27, 2021
USBC-Riverside Division
6:18-bk-11821-SY
USBAP, cc-20-01093

Title: IN RE: JEANETTE AGUILAR

---

PRESENT:    <u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

<u>   Kelly Davis   </u>        <u>   Not Present   </u>
Courtroom Clerk                    Court Reporter

ATTORNEYS PRESENT FOR        ATTORNEYS PRESENT FOR
PLAINTIFF:                              DEFENDANTS:
None Present                               None Present

---

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DISMISSING APPELLANT'S APPEAL OF BANKRUPTCY COURT'S DECISION TO EMPLOY FIRST TEAM REAL ESTATE**

      Before the Court is an appeal in a dispute between Appellee Howard B. Grobstein ("Appellee" or "Trustee") and Appellant Jeanette Aguilar ("Appellant" or "Aguilar"). Appellant challenges the bankruptcy court's order granting Trustee's Application for Authority to Employ First Team Real Estate. The Court finds this matter suitable for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the moving papers and considered the parties' arguments, the Court **DISMISSES** the appeal for want of appellate jurisdiction.

     **I.**     **BACKGROUND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:20-CV-01050-DOC                                            Date: July 27, 2021
                                                                     Page 2

### A. Procedural History

On March 19, 2020, Trustee filed an Application for Authority to Employ First Team Real Estate As Real Estate Broker Re Real Property Located At 9069 Mandarin Lane, Riverside, CA 92508. Notice of Appeal ("Not.") (Dkt. 1-1). On April 3, 2020, the bankruptcy court granted Trustee's motion (the "First Team Order"). *Id.*

On May 18, 2020, Appellant appealed the bankruptcy court's First Team Order to this Court. *Id.* They filed their opening brief on September 2, 2020 (Dkt. 11). Trustee filed their reply brief on October 2, 2020 ("Tr. Reply") (Dkt. 17). Appellant replied on October 28, 2020 (Dkt. 18).

### B. Facts

On March 8, 2018, Appellant filed for chapter 7 bankruptcy. Tr. Reply at 4. Among the assets listed on Appellant's schedule of assets and liabilities is a single-family residence located at 9069 Mandarin Lane in Riverside, California (the "Residence"). *Id.* Trustee determined that selling the Residence was the only way to pay Appellant's creditors. Excerpt of Record Vol. II at 240 (Dkt. 13).

To assist in selling the Residence, Trustee asked the bankruptcy court to employ Team One Real Estate as a broker to elicit offers for the Residence. Not. at 4. The bankruptcy court granted the request. *Id.* Appellant appealed the court's decision to allow Trustee to employ Team One. *Id.*

## II. LEGAL STANDARD

This Court has limited jurisdiction to hear appeals from "from interlocutory orders and decrees of bankruptcy judges." 28 U.S.C. § 158(a). Interlocutory orders are orders that do not "seriously affect substantive rights" or do not "finally determine the discrete issue to which it is addressed." *In re Lazar*, 237 F.3d 967, 985 (9th Cir. 2001).

District courts have jurisdiction over interlocutory appeals only if: "(1) there is a controlling question of law, (2) there are substantial grounds for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1025–26 (9th Cir. 1982); 28 U.S.C. § 1292(b). Since "Section 1292(b) is a departure from the normal rule that only final judgments are appealable," it "must be construed narrowly." *James v. Price Stern*

Case 5:20-cv-01050-DOC   Document 19   Filed 07/27/21   Page 3 of 5   Page ID #:601

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:20-CV-01050-DOC                                                                    Date: July 27, 2021
                                                                                                              Page 3

*Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). Indeed, the legislative history of Section 1292 suggests that it ought to be used "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026 (citing *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)); *Fukuda v. Cnty. of Los Angeles*, 630 F. Supp. 228, 229 (C.D. Cal. 1986) ("The party seeking certification has the burden of showing that exceptional circumstances justify a departure from the 'basic policy of postponing appellate review until after the entry of a final judgment.'") (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)).

### III.  DISCUSSION

This is an interlocutory appeal because the First Team Order does not implicate Appellant's substantive rights. In the Ninth Circuit, it is well-settled that a bankruptcy court's decision to grant an application to employ an attorney is an interlocutory decision. *See In re S.S. Retail Corp.*, 162 F.3d 1230, 1231 (9th Cir. 1998) (per curiam); *In re Westwood Shake & Shingle*, 971 F.2d 387, 388 (9th Cir. 1992); *In re Danner*, 549 Fed. Appx. 702, 704 (9th Cir. 2013). This is because an appellate court cannot determine whether such an employment decision affects a parties' substantive rights until the attorney has finished working and the case is actually litigated. *See In re Westwood Shake*, 971 F.2d at 390 (citing *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 439 (1985). This logic holds when applied to real estate brokerage firms. It is not clear whether the bankruptcy court's decision granting Trustee's motion to employ Team One will adversely affect Plaintiff until Team One begins its work soliciting offers for the Residence. Accordingly, precedent requires this Court to treat Appellant's appeal as interlocutory.

Having concluded this is an interlocutory appeal, the burden shifts to Appellant to present "exceptional circumstances" that give this Court jurisdiction. *Fukunda*, 630 F. Supp. at 299. Appellant fails to do so. Appellant does not argue, and the Court does not find, that the three factors necessary for jurisdiction over an interlocutory appeal the Ninth Circuit announced in *In re Cement Antitrust Litig.* are present. Accordingly, the Court concludes it does not have jurisdiction over this matter.

### IV.  DISPOSITION

Since the Court lacks jurisdiction, it **DISMISSES** the appeal.

The Clerk shall serve this minute order on the parties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:20-CV-01050-DOC                                                                 Date: July 27, 2021
                                                                                                              Page 4

MINUTES FORM 11                                                        Initials of Deputy Clerk: kd
CIVIL-GEN

JS6